# CIRCUIT COURT OF THE CITY OF PORTSMOUTH

Hazel K. Glemming

    v.

Wayland P. Britton,
Administrator of the
Estate of Warren Gibbs, Jr.,
deceased

April 28, 1960

BY JUDGE H. W. MACKENZIE, JR.

An action was instituted by Glemming against the Administrator of Gibbs for damages as the result of an automobile collision. Gibbs' Administrator, through Parker, an attorney of his own choice, answered the motion for judgment and filed a counterclaim for the death of his decedent resulting from the same accident. Gibbs was uninsured, and after notice to the plaintiff's insurance company under the uninsured motorist act, an answer was filed by it through its attorneys, Rixey & Rixey, on behalf of Gibbs' Administrator to the original motion for judgment. The same insurance company, through Williams, Cocke, Worrell & Kelly, retained for that purpose, answered for its insured the counterclaim filed by the Administrator of Gibbs. The plaintiff has now moved for a separate trial on its original motion for judgment on the ground that the insurance company which is the real party in interest, is appearing on both sides of the case. This motion is opposed by Gibbs' Administrator, who insists that the original claim and counterclaim be tried together.

Notwithstanding the provisions of Rule 3:8, which provides that the court in its discretion may order a separate trial of any cause of action asserted in a counterclaim, the motion is overruled. In the first place, judgment in the separate trial of the original motion for judgment would be based on the identical facts which give rise to the counterclaim and would be res adjudicata. If it were otherwise, we could easily be confronted with the ridiculous situation

of the adverse interests each recovering judgment against the other on the identical state of facts which can, in law, support but one recovery.

The same general result would obtain if the motion for judgment were first tried and judgment withheld until the counterclaim could also be heard. The court could be confronted with conflicting verdicts of even dignity upon which only one judgment could be entered.

Even though the uninsured motorist law has placed this plaintiff in the position where he is being both supported and opposed by the insurance company whose contract he purchased, such choice is necessarily the lesser of the two evils offered by this state of facts.